NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2019[*]
Decided December 19, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2227

| | |
|---|---|
| MARVA MACK, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:16-cv-7807 |
| CITY OF CHICAGO, *et al.*, *Defendants-Appellees*. | Gary Feinerman, *Judge*. |

## O R D E R

Marva Mack was fired from her job with the City of Chicago's Department of Aviation after a dispute about payroll-processing paperwork. She sued the City and her former supervisors for age discrimination and retaliation, and the district court entered summary judgment in the defendants' favor. We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P 34(a)(2)(C).

At the summary-judgment stage, Mack failed to comply with the Northern District of Illinois's Local Rule 56.1 in responding to the defendants' statement of material facts, so the district court largely accepted the defendants' factual presentation as uncontested, as do we. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019). Unless otherwise noted, the following facts are undisputed and presented in the light most favorable to Mack, the party opposing summary judgment. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014).

The City employed Mack as a timekeeper for its Department of Aviation. She used a computer program to track employees' absences by coding the type of absence, such as paid vacation or unpaid leave. When an employee was absent, Mack processed an "edit sheet"—a document completed by the employee (and signed by a supervisor) that identified the type of absence. Mack conceded in her summary-judgment response that her supervisors had authority to view edit sheets, as they were City property, and that failure to produce edit sheets to a supervisor on request constituted insubordination.

A conflict between Mack and her supervisors arose when she recorded an employee's single absence twice in the computer program. Mack first marked the absence as unpaid sick leave but then changed it to paid leave. Because the employee had not requested paid leave, one of Mack's supervisors inquired about the discrepancy. Mack explained that she had received two different edit sheets for the absence. She did not, however, give them to her supervisors when they asked her to do so. Later, when a supervisor asked her again for the edit sheets, Mack replied that she had given the originals to her union and taken the copies home. Department policy and Illinois law, 50 ILCS 205/4, prohibited unauthorized removal of public records, like the edit sheets, so Mack had to attend a "Pre-Disciplinary Meeting," at which she admitted that she had lied about the whereabouts of the edit sheets because she feared that someone would destroy them and accuse her of falsifying records. Because Mack violated the policy against removal of public records, withheld the edit sheets, and lied, her supervisor suspended her for five days. Before serving the suspension, Mack told her supervisors that the edit sheets were locked in her desk and that the key was at her home.

After her suspension, Mack's conflict with her supervisors escalated. When she returned to work, she still refused to provide the edit sheets, in part because she would not talk to management without union representation present. She also lied again to a supervisor by telling him that she had never been asked for the edit sheets. Mack then

reported to the police that her office desk had been ransacked and that records were missing, including the edit sheets. The responding officer, however, recalled additional details about the conversation: He documented Mack as saying (1) that the Office of the Inspector General instructed her to "secure" the edit sheets to prevent anyone from accessing them and (2) that a coworker told Mack that she saw Mack's supervisors "doing something" at Mack's desk. Both the Inspector General's Office and the coworker, however, denied these statements.

Shortly thereafter, Mack's supervisor served her with written notice that the City was considering firing her because she (1) lied when she said that no one had asked her for the edit sheets, (2) made a false or incomplete statement to the police, (3) caused the police to create a baseless report of a crime, (4) possessed City property without authorization, (5) was insubordinate, (6) was incompetent, and (7) engaged in conduct unbecoming of a public employee. At the direction of the Department's Commissioner, the City then fired Mack.

In response to the summary-judgment motion, Mack cited the circumstances that she considered indicative of age discrimination. The Department's Assistant Commissioner had frequently told her she should retire. Mack also produced a letter from a coworker who saw a supervisor "harass[]" Mack. Another supervisor learned of the harassment from the coworker but did "nothing."

After she was fired, Mack brought this suit against the City and her supervisors. She asserted that the defendants violated the First Amendment when they fired her in retaliation for engaging in protected speech (by reporting to the police about the theft of documents). Additionally, she maintained the defendants violated the Illinois Whistleblower Act, 740 ILCS 174/1–40, when they suspended and fired her also in retaliation for her refusal to illegally alter the edit sheets to restore an employee's already used vacation days. Mack lastly asserted that she was suspended and fired because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634.

The district court entered summary judgment for the defendants on all claims. Regarding her First Amendment retaliation claim, the court determined that she abandoned it by failing not only to respond to the defendants' arguments but also by not presenting any argument of her own. As for her claim of state-law retaliation, she failed to introduce any evidence that the activity in which she refused to engage— producing the edit sheets for her supervisors—was unlawful. Regarding her

age-discrimination claim, the court determined that she could not establish a prima facie case under *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), because a jury could not find that she was meeting the City's legitimate expectations, given her repeated insubordination and dishonesty. The court added that the record as a whole did not show discrimination.

On appeal, Mack devotes most of her brief to arguing for the first time that the City unlawfully subjected her to "industrial double jeopardy"—an apparent reference to a principle of labor law that an employee may not be punished twice for the same conduct. *See, e.g.*, *Zayas v. Bacardi Corp.*, 524 F.3d 65, 68–69 (1st Cir. 2008). However, by failing to raise this issue in opposition to the motion for summary judgment, Mack waived the argument. *See Betco Corp., Ltd. v. Peacock*, 876 F.3d 306, 309 (7th Cir. 2017). In any event, she does not explain how any purported violation of industrial double jeopardy demonstrates a genuine dispute about her claims of retaliation or age discrimination.

Mack also contends that a jury could find that the defendants retaliated against her for engaging in activity protected by the Illinois Whistleblower Act. She maintains that she was disciplined for refusing to illegally alter the edit sheets to restore the employee's previously used vacation days. However, to prevail on a Whistleblower Act claim, a plaintiff must first establish that she "refused to participate in an activity that would result in a violation of a state or federal law, rule or regulation." *Corah v. Bruss Co.*, 77 N.E.3d 1038, 1043 (Ill. App. Ct. 2017) (citing 740 ILCS 174/20). As the district court properly determined, the activity in which she refused to engage—producing the edit sheets for her supervisors—was not illegal. Mack cites no evidence that she was ever asked to do anything illegal, such as doctoring the edit sheets.

Lastly, Mack argues—relying on the *McDonnell Douglas* burden-shifting framework—that summary judgment was improper on her age-discrimination claim because the charges of misconduct against her were pretextual. However, to establish a prima facie case of discrimination under the *McDonnell Douglas* framework, a plaintiff must first produce evidence that—among other requirements—she was meeting the defendant's legitimate expectations. *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 368 (7th Cir. 2019). Only after the plaintiff establishes a prima facie case of discrimination, and the defendant articulates a nondiscriminatory reason for the adverse action, need the plaintiff show that the explanation was pretextual. *Id.* Here, Mack's focus on pretext is misplaced because she lacks evidence to make out a prima facie case under *McDonnell Douglas*. She cannot point to evidence from which a jury

could conclude that she was meeting the City's legitimate expectations. As the record reflects, she admitted that she had a duty to produce edit sheets on request from her supervisors but did not do so, and she repeatedly lied to her supervisors about the whereabouts of those documents. Under these circumstances, the district court was also correct to conclude that the evidence, "as a whole," was insufficient for a jury to find age discrimination. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The only evidence conceivably suggesting age-based animus are comments from a supervisor that Mack should retire, but nothing in the record suggests that this supervisor played a decision-making role in Mack's discipline or conveyed anything about her to a decision-maker. *See Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, 811 F.3d 866, 883 (7th Cir. 2016).

AFFIRMED